UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, Sr., | No. 2:23-cv-01627-TLN-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| AFSCME UNION LOCAL 257, | |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Shannon O. Murphy, Sr.'s ("Plaintiff") Motion for Reconsideration. (ECF No. 6.) Defendant AFSCME Union Local 257 ("Defendant") did not file an opposition. For the reasons set forth below, the Court DENIES Plaintiff's motion.

///
///
///
///
///
///
///
///

1

1    A detailed recitation of the factual and procedural history is not necessary for the
2 disposition of Plaintiff's motion. In short, Plaintiff filed a Complaint against Defendant, alleging
3 negligence, breach of contract, discrimination, harassment, and assault. (ECF Nos. 1, 3.) On
4 January 24, 2024, the magistrate judge made findings and recommended the Complaint be
5 dismissed without leave to amend for failure to state a legally cognizable claim ("F&Rs"). (ECF
6 No. 3.) The F&Rs were served on Plaintiff that same day via U.S. mail, and any objections were
7 due within fourteen (14) days. (*Id.*) Plaintiff did not file any objections.

8    The Court reviewed the F&Rs and found them to be supported by the record and proper
9 analysis. (ECF No. 4.) On February 20, 2024, the Court adopted the F&Rs in full and dismissed
10 Plaintiff's Complaint without leave to amend. (*Id.*) The Clerk of Court entered Judgment,
11 closing the case, that same day. (ECF No. 5.)

12    On March 26, 2024, Plaintiff filed the instant motion, arguing the Court should reconsider
13 his case because he was deprived of procedural due process.[1] (ECF No. 6.)

14    On motion and just terms, a district may relieve a party from a final judgment or order for
15 the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial
> under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated;
> or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1]    Plaintiff's motion is largely incoherent, but the Court construes his motion liberally. S*ee Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se plaintiff's pleadings liberally).

Plaintiff does not argue any of the first five categories (nor does the Court find them applicable), leaving only the sixth, catchall category.  Plaintiff's primary argument appears to be that he was deprived of procedural due process.  (*See* ECF No. 6.)  Apart from Plaintiff failing to provide any meaningful analysis, his contention that he was denied procedural due process is belied by the record.  As already discussed, Plaintiff was served with the F&Rs and afforded an opportunity to object.  Plaintiff did not avail himself of the opportunity.

Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.  (ECF No. 6.)

IT IS SO ORDERED.

Date:  September 30, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE